IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEVIN DWIGHT** | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | |
| v. | : | NO. 24-CV-2513 |
| | : | |
| **LARRY KRASNER,** *et al.*, | : | |
| *Defendants* | : | |

**O R D E R**

**AND NOW**, this 9th day of May 2025, upon consideration of Plaintiff Kevin Dwight's *pro se* Second Amended Complaint (ECF No. 19), and for the reasons set forth in the accompanying Memorandum, it is hereby **ORDERED** that:

1. The Clerk of Court is **DIRECTED** to **ADD** the following Defendants to the docket:

    a. Philadelphia Department of Adult Probation and Parole

    b. Philadelphia District Attorney's Office

    c. Philadelphia Prisons System

    d. Philadelphia Assistant District Attorney Juna Murray

    e. Yes Care Medical (Prison Medical Contractor)

    f. Medical Prescriber Helen Sarskaya

    g. Psychiatrist Ms. Teri

2. Dwight's Second Amended Complaint (ECF No. 19) is **DISMISSED,** *in part,* **WITH PREJUDICE, AND,** *in part,* **without prejudice** for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and for the reasons set forth in the accompanying Memorandum as follows:

    a. All claims against the Philadelphia Department of Adult Probation and Parole, the Philadelphia District Attorney's Office, the Philadelphia Prisons System,

House Arrest Agent Andrea Champion, Philadelphia Assistant District Attorney Juna Murray, in both her official and individual capacity, and Medical Prescriber Helen Sarskaya and Psychiatrist Dr. Teri, in their respective official capacities, are **DISMISSED, with prejudice,** for the reasons stated in the Court's accompanying Memorandum.

    b. All other claims are **DISMISSED, without prejudice**.

3. The Clerk of Court is **DIRECTED** to **TERMINATE** the Philadelphia Department of Adult Probation and Parole, the Philadelphia District Attorney's Office, the Philadelphia Prisons System, House Arrest Agent Andrea Champion, and Philadelphia Assistant District Attorney Juna Murray as Defendants.

4. Dwight's *Motions to Reopen to Prosecute and Protection Against Retaliation*, (ECF No. 17), and to *Appoint Counsel*, (ECF No. 18), are **DENIED, as moot.**

5. Dwight will be given <u>one more opportunity</u> to amend his claims that have been dismissed <u>without prejudice</u> and may file a third amended complaint within thirty (30) days of the date of this Order as to those claims if he chooses to do so. The third amended complaint must identify all defendants in the caption of the third amended complaint in addition to identifying them in the body of the third amended complaint and shall state the basis for Dwight's claims against each defendant. Dwight may ***NOT*** reassert any claim that has already been dismissed *with* prejudice. The third amended complaint shall be a complete document that does not rely on the initial Complaint, Amended Complaint, Second Amended Complaint, or other papers filed in this case to state a claim. When drafting his third amended complaint, Dwight should be mindful of the Court's reasons for dismissing the claims in his Second Amended Complaint as explained in

the Court's Memorandum.  Upon the filing of a third amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

6.   The Clerk of Court is **DIRECTED** to send Dwight a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Dwight may use this form to file a third amended complaint if he chooses to do so.

7.   If Dwight does not wish to file a third amended complaint and instead intends to stand on his Second Amended Complaint as pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case.  Any such notice should be titled "Notice to Stand on Second Amended Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

8.   If Dwight fails to file any response to this Order, the Court will conclude that Dwight intends to stand on his Second Amended Complaint and will issue a final order dismissing this case.[1]  *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his

---

[1]   The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which

complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

**BY THE COURT:**

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).